**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANTIAGO AREVALO, AKA Santiago Baires, AKA Erix Yaonia, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  16-73080 <br><br> Agency No. A095-007-916 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020[**]

Before:     WALLACE, CLIFTON, and BRESS, Circuit Judges.

Santiago Arevalo, a native and citizen of El Salvador, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review factual findings for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the determination that Arevalo failed to establish the harm he experienced or fears was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Ramos-Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009) (resistance to gang recruitment alone does not constitute a political opinion), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013). We lack jurisdiction to consider Arevalo's "particular social group" contentions because he failed to exhaust them before the BIA. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc). Thus, Arevalo's asylum and withholding of removal claims fail.

Substantial evidence also supports the BIA's denial of CAT relief because Arevalo failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). "[G]eneralized evidence of violence and crime" in the country of removal, without more, cannot establish eligibility for

CAT protection.  *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

The record does not support Arevalo's contention that the BIA did not conduct an individualized case assessment.  *See Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**